# UNITED STATES

## *v.*

## ONE AUTO FORD NO. 1,870, BELONGING TO PEDRO VIVAS VALDIVIESO.

---

San Juan, Criminal, No. 1504.

LIABILITY OF OWNER FOR MISUSE OF AUTOMOBILE.

Revenue Proceedings—Forfeiture.

    1. Under the revenue law the proceedings are against the article

---

NOTE.—On construction and effect of provisions in Volstead Act for confiscation of vehicles, see note in 10 A.L.R. 1556.

United States v. One Auto Ford No. 1,870.

itself, and so an offending automobile may be forfeited unless itself stolen.

Volstead Act—Good Cause against Forfeiture.

2. It is not necessary under the Volstead Act for the vehicle to be seized at the same time that the chauffeur is arrested.

Volstead Act—Good Cause against Forfeiture.

3. Under § 21 a room or vehicle cannot be declared a nuisance unless the owner knew of the use. The same rule should apply to transportation.

Automobile—Knowledge of Owner.

4. The showing of good cause against forfeiture must be by the owner. The Porto Rican rule as to liability for negligence being on the chauffeur alone does not apply in Federal criminal law.

Opinion filed April 6, 1921.

---

*Mr. Miles M. Martin,* United States District Attorney, for the Government.

*Mr. A. S. Poventud* for defendant.

HAMILTON, Judge, delivered the following opinion:

The statement of facts in the case at bar shows that the defendant owned the automobile in question and knew nothing of the misuse by the chauffeur, this misuse consisting in the chauffeur's carrying liquor in the automobile one morning when he was taking the car from the owner's home to the owner's place of business. The automobile was not used for public purposes and was private property.

1. The government relies upon the case of J. W. Goldsmith, Jr.-Grant Co. v. United States, decided by the Supreme Court

United States v. One Auto Ford No. 1,870.

[254 U. S. 505, 65 L. ed. 376, 41 Sup. Ct. Rep. 189]. That was under the Revenue Act, now being Rev. Stat. § 3450, Comp. Stat. § 6352, 4 Fed. Stat. Anno. 2d ed. p. 311, and providing "that whenever any goods, in respect whereof any tax is . . . imposed . . . are removed . . . with intent to defraud the United States of such tax . . . all such goods . . . shall be forfeited; and in every such case . . . every vessel . . . carriage or other conveyance . . . shall be forfeited." The reasoning of the Supreme Court is to the effect that the proceeding under this section is virtually against the article in question, and the opinion expressly likens the automobile there in question to a deodand which was forfeited to the King. In answer to an objection to the extent to which the reasoning went the court says that it did not apply where the article was stolen from the owner and in such condition used to violate the law. The reasoning is not altogether clear, for if the proceeding is against the conveyance itself it is difficult to see what difference it makes in whose possession the offending conveyance may be. However, such is the exception made. The proceeding at bar, however, is not under Rev. Stat. § 3450, and the case cited is at most an analogy.

2. The proceeding at bar is brought under § 26 of the Volstead Act, title II, which provides that after conviction of a defendant for carrying liquor "unless good cause to the contrary is shown by the owner, the court shall order a sale by public auction of the property seized." [41 Stat. at L. 315, chap. 85, Comp. Stat. § 10,138½ mm, Fed. Stat. Anno. Supp. 1919, p. 214.] On the trial it was contended by the claimant of the automobile now in question that the seizure has to be made at the time of the defendant's arrest, otherwise the of-

fense does not infect the conveyance. The court held otherwise, and sees no reason to change the opinion then expressed. The Volstead Act declares in § 3 that "all the provisions of this act shall be liberally construed to the end that the use of intoxicating liquor as a beverage may be prevented." This being so, it would seem to be sticking in the bark to lay down a rule that the vehicle must be seized at the same time as the arrest of the defendant. It might well be that the vehicle could be driven off before it could be seized. It is provided that "whenever intoxicating liquors transported or possessed illegally shall be seized by an officer he shall take possession of the vehicle . . . and shall arrest any person in charge thereof," but it is not provided that this may not be done at a subsequent time. The intent of the law would seem to require an interpretation which permits subsequent seizure. There can be no reason for its immediate seizure by a police officer alone. The essential point is its seizure, and if this is done by order of the court the same purpose is attained, and attained by a higher order and after more deliberate examination of the facts, as was done in the case at bar.

3. In § 26 of the Volstead Act it is provided that "unless good cause to the contrary is shown by the owner, the court shall order a sale by public auction of the property seized." The question in the case, therefore, is what under the Volstead Act constitutes "good cause shown." There is no such limitation under Rev. Stat. § 3450, the Supreme Court merely reading into the act an exception in case the vehicle is stolen. Whether § 3450 is repealed or affected by the Volstead Act need not be determined. The Volstead Act so far as relates to everything within its scope is a system by itself, and can hardly be said to

need light from legislation of 1866 under entirely different circumstances.

The Volstead Act in different sections requires knowledge on the part of the defendant before he can be convicted. In the somewhat analogous case of declaring an article or place a nuisance because used in a liquor business, § 21 requires first the proof that "a person has knowledge or reason to believe that his room . . . vehicle . . . to be so occupied or used," in which case it is subject to a lien for fines. It would offend the rules of sound interpretation to hold that § 21 is to be interpreted in a different sense from § 26. It is a good defense to the charge of using a vehicle for the manufacture of liquor for the owner to prove that he did not know of such use. No reason appears why it is not equally showing good cause against the forfeiture of the same vehicle for conveying liquor to show that the owner was ignorant of such use. Indeed the two requirements are in pari materia. It is of practically the same importance in any scheme of prohibition to prevent both the manufacture and transportation of liquor. Generally both are necessary in order to effect consumption by the individual. The statute might have drawn the distinction between manufacture and transportation, but if so it would seem that manufacture would if anything be the more serious offense of the two. Liquor cannot be transported unless it is first manufactured. Certainly no reason appears why the transportation should be more severely punished than the manufacture. No reason appears why the usual constitutional requirements for the protection of property and due process of law should not apply to transportation as much as to manufacture. It follows therefore that the same rule of construction should

be adopted, and this is that ignorance of the use of the vehicle may be shown by the owner as a good cause against his being deprived of his property.

4. It is quite true that it would be difficult for the government to prove that a defendant knew the use made of his vehicle, but the difficulty would be as great in the one case as the other, and in point of law the proof is not to be made by the government but by the defendant himself. Knowledge of such use may be inferred from the circumstances. If, for instance, a defendant uses his automobile for public transportation, he must be charged with notice that this may and under conditions now existing very likely will include transportation of liquor, and he must be held accountable for such transportation if it occur, certainly if he has any reason to suppose it was liquor that was placed upon the automobile or not. The Porto Rican civil rule that a chauffeur alone is responsible for acts of negligence has no application to the case of where the owner of an automobile puts a chauffeur in charge for all purposes. Then and there the owner makes himself liable for all purposes. Respondeat superior must apply in criminal law, whatever may be the rule in civil law.

In the case at bar, however, it does not appear that the owner should be so charged. The automobile was a private vehicle used only for the conveyance of the owner himself. The chauffeur was authorized to take it from the house to the office and nowhere else, and for no purpose except the conveyance of the owner himself. If he violated this duty no reason appears why it should be visited upon the owner of the automobile. It would seem, therefore, that in the case at bar the claimant Valdivieso has shown good cause why the automobile

should not be forfeited and sold, and it will be released accordingly.

It is so ordered.