### UNITED STATES v. ONE STEEL SAFE et al.

### SAME v. MALEHORN et al.

Third Division.   Valdez.   February 26, 1926.

No. 476-A.

I. **Internal Revenue** ☞46—Forfeitures—Libel against One Steel Safe Used for Concealing Intoxicating Liquors.

> One Peterson leased premises to Malehorn, in which there was a steel safe; Peterson left the vicinity, and in his absence Malehorn deposited intoxicating liquor in the safe. The United States filed a libel of information against the safe, under section 3450, Rev. Stat. U. S. (26 USCA § 1181 [U. S. Comp. St. § 6352]), for intent to defraud the government of the tax due on its manufacture. *Held,* the fact that Malehorn concealed the liquor in the safe does not warrant or justify the conclusion that he concealed it there with intent to defraud the United States of a nominal tax; the more reasonable inference is that the liquor was placed in the safe to have it convenient for sale, and for that reason the forfeiture must fail.

2. **Internal Revenue** ☞46—Intoxicating Liquors ☞277—Abatement of House Used for Sale of Liquor.

> One Peterson leased his premises to Malehorn and then left the vicinity; in his absence Malehorn kept intoxicating liquor on the premises, but entirely without the knowledge of the owner. *Held,* this is a proceeding in rem against the property; no person-

---

☞See same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

al decree can be rendered against the owner under the pleadings and evidence; not a sufficient showing by the prosecution to close the building for one year; but the government is entitled to an injunction to prevent defendants from selling liquor on the premises.

Both of these cases arise upon the same facts, a liquor seizure in the Chickaloon pool hall in the town of Anchorage, November 25, 1924, by several officers. Liquor was found in several places about the building. One quart bottle of moonshine, about two-thirds full, was found in a steel safe in the hall. The government has filed a libel of information against this safe, under section 3450, Revised Statutes (26 USCA § 1181 [U. S. Comp. St. § 6352]), alleging that the liquor was placed in the safe with intent to defraud the government of the tax due upon its manufacture. This being a case of seizure on land, it is to be decided on common-law principles, and claimant might have demanded a jury; but by agreement of the parties it was tried before the court. The other case is an abatement proceeding under the Volstead Act (27 USCA). The evidence being practically the same in both cases, they were heard together.

It is admitted that defendant Peterson is the owner of the Chickaloon building and that Malehorn was at the time of the seizure, and for some time prior he had been, a lessee of the premises.

The government alleges that Peterson and Malehorn were owners of the steel safe. Malehorn defaulted in both cases, but Peterson appeared and in the safe case alleged that he was the sole owner of the safe and that Malehorn was using it under his lease. Peterson denied any knowledge of the safe or keeping of liquor on the premises, and alleged and proved that he had not been in the town of Anchorage since July 13, 1924, more than four months before the raid by the officers. The government contends that Peterson knew, or ought to have known, that liquor was being kept and sold on the premises, while Peterson denies that he knew anything of such fact, or had any means of knowing, since he was in the town of Valdez continuously for several months prior to the discovery of the liquor.

Sherman Duggan, U. S. Atty., of Ketchikan.

J. L. Reed, of Valdez, for defendant Peterson.

RITCHIE, District Judge.  In the steel safe case the issue arises upon the government's claim that the defendants concealed the bottle of moonshine whisky in. the safe to evade the internal revenue tax.  Several cases have come into the federal courts under sectioon 3450 as an adjunct to the !prohibition law and the anti-narcotic law.  None of these cases arose upon facts closely approximating the facts in this case, and the decisions are not wholly consistent.  For that reason, this steel safe case has not been an easy one to decide, and I have made extensive search through all the federal decisions to find a precedent. The only case which seems to me to be closely applicable is United States v. One Kissel Automobile (C. C. A.) 296 F. 688. As that is a Ninth Circuit case, it appears to me it lays down the law in this jurisdiction.  The facts were that one .Means had a small quantity of cocaine in his pocket while riding in the car the government sought to forfeit.  Judge Dooling, sitting in the district of Arizona, held that "the intent to defraud the United States of a tax had not been proved," and dismissed the action.  289 F. 120.  The United States sued out a writ of error, and the Circuit Court of Appeals affirmed the judgment. Circuit Judge Rudkin said :

"The question of intent is usually a question of fact, and is very generally proved by circumstantial evidence.  The agreed statement in this case is silent upon that issue, and it cannot be said that the intent to defraud the United States of the tax followed from the stipulated facts, as a conclusion of law.  *  *  *  The court was of opinion that the mere fact that a party carries or conceals a small quantity of narcotics in his pocket while riding in an automobile does not warrant or justify the conclusion that he is concealing the same with intent to defraud the United States of a nominal tax, estimated by the court at one cent."

A similar decision was made in the Sixth Circuit.  Cadillac Automobile Motor v. United States (C. C. A.) 7 F.(2d) 102.

The only difference between the Arizona case and the pending one is that the Arizona case charged removal of narcotic and the case at bar charges concealment of liquor.  Section 3450 makes offenses of both acts.  It provides that, whenever any goods or commodities upon which any tax is imposed are "removed or are deposited or concealed in any place, with intent to defraud the United States of such tax," all such goods shall be forfeited.  It further provides that all containers of such goods and commodities and every conveyance of any kind used in the

removal or for the deposit or concealment thereof shall be forfeited. It will be seen that the principle is the same, regardless of the kind of goods or commodities, or whether the offense is removing them or concealing them. It seems to me, therefore, that the opinion of the Circuit Court of Appeals in the Arizona case fits the facts of the case at bar and states the law governing it.

In this case the government charges that Malehorn and Peterson placed a bottle of moonshine in the safe with intent to defraud the government of a tax. I think this court can safely paraphrase the statement of Judge Dooling and Judge Rudkin in the Arizona narcotic case, and say that the mere fact that a party concealed a small quantity of liquor in a steel safe does not warrant or justify the conclusion that he is concealing it with the intent to defraud the United States of a nominal tax. In the Arizona case it was stated to be one cent. In this case I estimate that it would be about 35 cents. A more reasonable inference is that the liquor was placed in the safe to have it convenient for use when opportunity arose for sale, and at the same time kept out of sight of any officer looking for liquor. There was no evidence that Malehorn made the whisky, and it is highly probable that he did not. The man who owed the tax was the man who distilled the whisky, and that man was liable under section 3450 for removal without paying the tax.

In the steel safe case I am obliged to find that there is a total lack of proof that either defendant or anybody else concealed the liquor in the safe with intent to evade the tax, and for that reason alone the forfeiture must fail.

If intent had been proven against Malehorn, lack of connivance or knowledge of the law violation on the part of Peterson would not avoid the forfeiture. This is a proceeding in rem, and under section 3450 it is the thing that is considered the offender. Goldsmith-Grant Co. v. United States, 254 U. S. 505, 41 S. Ct. 189, 65 L. Ed. 376; Dobbins' Distillery v. United States, 96 U. S. 395, 24 L. Ed. 637. But under the ruling of the Circuit Court of Appeals there is no offense, unless intent is proven. Even the drastic requirements of the Revenue Act yield to this rule.

In the abatement case, which under the provisions of the Volstead Act is a case in equity, I am necessarily impelled to the same conclusion as in the steel safe case. The evidence shows

that Malehorn was in possession of the premises as a lessee, but Peterson had been in Valdez since July 13, 1924, and the discovery of the liquor on the premises was made November 25, 1924. No evidence was offered by the government which showed that Peterson had actual knowledge of what was going on in the Chickaloon pool room at Anchorage while he was in Valdez, and no circumstantial evidence connected with the case indicates that Peterson necessarily ought to have known what was going on upon the premises. The government is entitled to a decree restraining Malehorn from using the premises for one year, because it was shown that Malehorn pleaded guilty to a violation of the liquor laws. This decree is of no value to the government, since it is admitted that Malehorn left Anchorage soon after the raid and that Peterson has canceled his lease. Nevertheless the government is entitled to a decree, with the further provision restraining Malehorn from violating the law for one year in the territory of Alaska.

As to Peterson, this was only a proceeding in rem against his property. No personal decree could be rendered against him under the pleadings and evidence, and I cannot find a sufficient showing in the evidence to entitle the government to close the Chickaloon building for one year. The government is entitled to an order restraining both defendants and all persons from keeping or selling liquor on the premises for one year.