## UNITED STATES v. ONE PLYMOUTH COUPÉ et al.

District Court, D. Maine, N. D.
March 19, 1935.

Michael Pilot, Asst. U. S. Atty., of Bangor, Me., for plaintiff.

Edward P. Murray, of Bangor, Me., for defendants.

PETERS, District Judge.

This is a proceeding brought by the United States to enforce the forfeiture of an automobile under Rev. St. § 3450 (26 USCA § 1181). It appeared from the evidence and admissions that the car was seized while transporting a quantity of nontax paid alcohol. There is sufficient evidence to find the necessary intent to defraud the United States of the taxes.

The principal dispute comes between the United States and the claimant who testified that she was the owner of the car and, as she lives a mile or so from town, had arranged with one Savoy, the driver of the car when seized, to keep it in his warm garage in winter for a consideration of $8 per month. She also testified that she gave Savoy no permission to use the car. It seems that the car was given to her by her husband or paid for with money furnished by him. Also, that both the husband and Savoy have records for violation of the liquor laws.

The claimant demands the car as an innocent owner, and for the purposes of this case I regard her as such. However, when a vehicle is forfeitable under section 3450, the interests of innocent persons are not saved. U. S. v. One Ford Coupe, 272 U. S. 321, 47 S. Ct. 154, 158, 71 L. Ed. 279, 47 A. L. R. 1025; Goldsmith, Jr.-Grant Co. v. U. S., 254 U. S. 505, 41 S. Ct. 189, 65 L. Ed. 376.

The Supreme Court in the above cases did not close the doors against all innocent owners whatever, but stated: "We also reserve opinion as to whether the section can be extended to property stolen from the owner or otherwise taken from him without his privity or consent."

The Circuit Court of Appeals in this Circuit, in the Almeida Case, Almeida v. U. S., 9 F.(2d) 15, 17, mentioned that the Supreme Court has not gone to the extent of holding that the applicable statute extends to property stolen from the owner or otherwise taken from him without his privity or consent, and held that if the vehicle, otherwise forfeitable, was in the possession of a "trespasser or converter," the rights of an innocent party were saved and the car not forfeitable.

In that case the owner of the truck in question, who was in the fish business, had intrusted the vehicle to his son for the purpose of delivering a load of fish in another town. While there, the son was deceived into loaning the truck to a third person for the alleged purpose of moving a load of furniture. He was using the truck, when seized, for the transportation of alcohol.

Judge Brewster [(D. C.) 5 F.(2d) 372, 373] whose action in restoring the truck to the owner was upheld, remarks in his opinion that "the claimant had intrusted the truck to his son, and if the son had been found transporting smuggled liquors, the truck would undoubtedly have been subject to forfeiture." The language of the Supreme Court is, "Taken from him [the owner] without his privity or consent." And this is applicable to the third person in the Almeida Case who obtained possession by deceit from the son of the owner.

■ The Circuit Court of Appeals speaks of this third person as a "trespasser or converter"; but I take it that it does not follow as a general proposition that a car is not forfeitable if in the possession of a trespasser or converter. A bailee for hire would be a converter if he used the car for some purpose other than that stated in the contract with the owner, but it seems to be settled that if the owner voluntarily parts with possession of the vehicle, or if the holder of a chattel mortgage allows the mortgagor to remain in possession, the car is forfeitable if misused in the respect mentioned by the person in whose custody it is by permission of the owner.

■ As construed by the cases above mentioned, the intent of the statute seems to be that the vehicle should be forfeited when used for transporting or concealing smuggled or dutiable goods, without regard to the innocence of the true owner or lienor who has voluntarily parted with possession to the person guilty of the transporting or concealing. There is a privity between the owner and the bailee, or the mortgagee and mortgagor, which does not exist between the owner and a third person in such a case.

■ In the present case the owner of the car placed it in the garage and in the custody of Savoy with an opportunity, but without permission, to use it. It seems to me that the cases do not go to the extent of protecting the owner in such a case. It was not "property stolen from the owner or otherwise taken from him without his privity or consent."

The claim of the claimant is disallowed, and the car forfeited.