O’Neill, J.
The question presented here is: Can a municipality, by ordinance, provide for the forfeiture of an automobile by order of the court upon conviction of the driver of the automobile for violation of a municipal ordinance prohibiting the operation of a vehicle as a taxicab without a license, issued by the city, where the owner of the automobile lent it for the purpose of the driver’s taking it to a repair shop and without any knowledge that the driver intended to use the vehicle as a “bootleg cab” or for any other illegal purpose?
It is settled law that a municipality has the power to regulate the operation of public conveyances upon the streets of the municipality. Lawton v. Steele, 152 U. S., 133, 38 L. Ed., 385, 14 S. Ct., 499, wherein, at page 136, it is stated:
“ [Police power] is universally conceded to include everything essential to the public safety, health, and morals, and to justify the destruction or abatement, by summary proceedings, of whatever may be regarded as a public nuisance. Under this power it has been held that the state may order the * * * regu *139 lation of railways and other means of public conveyance * * *. Beyond this, however, the state may interfere wherever the public interests demand it, and in this particular a large discretion is necessarily vested in the Legislature to determine, not only what the interests of the public require, but what measures are necessary for the protection of such interests. Barbier v. Connolly, 113 U. S., 27; Kidd v. Pearson, 128 U. S., 1.”
The purpose of the ordinance in the instant case is to prohibit insolvent, inadequately insured and unqualified (physically or mentally) drivers, using as taxicabs unsafe vehicles owned by insolvents or persons without adequate insurance, from endangering the lives and property of the general public, as well as passengers, on the public streets of Cincinnati.
This is a lawful use of the police power of a municipality. The plaintiff makes a strong argument that the forfeiture of the automobile in this case is the forfeiture of the property of an innocent man, without an opportunity to be heard, for the wrong of another and is violative of fundamental rights.
It is conceded by the plaintiff that a municipality can prohibit, by ordinance, devices which are nuisances per se and can provide for summary seizure of such devices without judicial inquiry. Such a provision has been held valid with regard to gaming devices. A different question would be presented in this case had the automobile here in question been stolen. However, that question is not presented in this case since the automobile with which we are here concerned was lent by the owner to the driver, although it was lent for a legal purpose, and, according to the record, the owner had no knowledge that it was to be used as a “bootleg cab” or for any other illegal purpose.
The Supreme Court of the United States, in upholding the constitutionality of a federal statute which provided for the forfeiture of a conveyance used in the removal, deposit or concealment of goods subject to taxation, said, in answering the contention of the owner of a vehicle used in transporting untaxed liquor that he was innocent and without any knowledge of the illegal use which was made of his automobile:
“* * * There may, indeed, be greater risk to the owner of property in one form or purpose of its bailment than in another * * *. It is the illegal use that is the material considera *140 'tion, it is that which works the forfeiture, the guilt or innocence of its owner being accidental. * * *” J. W. Goldsmith, Jr. Grant Co. v. United States (1921), 254 U. S., 505, 65 L. Ed., 376, 41 S. Ct., 189, and see cases cited in opinion. See, also, Dobbins’s Distillery v. United States, 96 U. S., 395, 24 L. Ed., 637; United States v. Stowell, 133 U. S., 1, 33 L. Ed., 555, 10 S. Ct., 244; Kingsley Books, Inc., v. Brown, 354 U. S., 436, 1 L. Ed. (2d), 1469, 77 S. Ct., 1325.
Here, the Court of Appeals, in holding the ordinance unconstitutional, relied upon the case of Grieb v. Department of Liquor Control, 153 Ohio St., 77, 90 N. E. (2d), 691.
The Grieb case is not applicable here. In that case, the state statute which this court struck down authorized the Department of Liquor Control to summarily seize, without compensation to the owner, alcoholic beverages found on the premises of one whose permit to sell them had been revoked or cancelled. In that case, the liquor which was seized was lawfully possessed and had not been used for an illegal purpose. In the instant case, the automobile was used for an illegal purpose in violation of the ordinance, and the driver was convicted of violating the ordinance by his use of the automobile. In other words, there has been a judicial determination, by a proper court, that the automobile had been illegally used in violation of the city ordinance.
The plaintiff makes a plea that the penalty here is too severe upon an innocent owner.
This argument raises the question of public policy which must be decided by the appropriate legislative authority and is not within the province of this court to decide. This argument does not strike at the power of the proper legislative body to provide for the forfeiture of property illegally used.
The Legislature has provided for the seizure and the prohibition of the occupancy or use of buildings, lawful in and of themselves, when illegally used without knowledge of the owner, and has further provided that such seizure and prohibition of occupancy or use may be done without notice to the owner, and that the prohibition of occupancy or use may be enforced for a period of a year, even though the owner was innocent and had *141 no knowledge of the illegal use. See Sections 2915.02 and 4301.73, Revised Code.
The constitutionality of such statutory provisions has been upheld by the Supreme Court of the United States in Grosfield v. United States, 276 U. S., 494, 72 L. Ed., 670, 48 S. Ct., 329, 59 A. L. R., 620, which was followed in Gabriel Building Co. v. State, ex rel. Birrell, Pros. Atty., 125 Ohio St., 642, 186 N. E., 5.
The severity of the penalty is a question of public policy to be decided by the proper legislative authority, in this ease the city council.
The authority of a municipality to provide for the seizure and forfeiture of otherwise lawfully used property which has been lent by the owner to another person and is illegally used by the latter is within the police power of the municipality, and such provision is constitutional even though the owner had no knowledge of the illegal use and did not lend the property to be used for any illegal purpose.
The judgment of the Court of Appeals is hereby reversed, and the judgment of the Cincinnati Municipal Court is affirmed.

Judgment reversed.

Weygandt, C. J., Zimmerman, Matthias and Bell, JJ., concur.
Taft, J.,- dissents.
Herbert, J., not participating.