### UNITED STATES v. ALMEIDA.

(Circuit Court of Appeals, First Circuit. December 7, 1925.)

No. 1856.

1. **Customs duties** ⊚⟶133—**That information charging fraudulent smuggling was not supported by agreed statement of facts alone warranted dismissal.**

Where information charging smuggling, in violation of Rev. St. §§ 3061, 3062 (Comp. St. §§ 5763, 5764), was not supported by evidence that goods were brought in without payment of customs duties, information was properly dismissed.

2. **Customs duties** ⊚⟶130—**Truck used to transport smuggled liquor without owner's consent held not subject to forfeiture.**

Where truck owner's son, instructed to return with truck after delivering load of fish, loaned truck to third person to move furniture, which person used it to transport smuggled liquor, truck was not subject to forfeiture, under Rev. St. §§ 3061, 3062 (Comp. St. §§ 5763, 5764); third person being trespasser, or converter of truck, as respects owner.

In Error to the District Court of the United States for the District of Massachusetts; Elisha H. Brewster, Judge.

Proceeding by the United States against John Almeida, owner of one Reo speed wagon, claimant, to forfeit the automobile. Judgment for claimant (5 F.[2d] 372), and the United States brings error. Affirmed.

George R. Farnum, of Boston, Mass. (Harold P. Williams and Laurence Curtis, 2d, both of Boston, Mass., on the brief), for the United States.

Bernard E. Carbin, of Boston, Mass., for defendant in error.

Before BINGHAM, JOHNSON, and ANDERSON, Circuit Judges.

BINGHAM, Circuit Judge. This is a writ of error from a judgment of the federal District Court for Massachusetts, dismissing an information brought by the District Attorney in behalf of the United States, seeking the condemnation and forfeiture of an automobile, to wit, one Reo speed wagon, seized by a United States customs agent on the 25th day of August, 1924, as forfeited to the United States. The cause or ground alleged for the forfeiture is as follows:

"That on or about the twenty-fifth day of August, A. D. 1924, said automobile at said Middleboro was unlawfully used in conveying and concealing certain merchandise, to wit, 20 cases of alcohol, which said merchandise had theretofore been fraudulently and clandestinely imported into the United States without payment of customs duties due to be paid thereon, and the United States was thereby defrauded."

The opinion of the District Court was made a part of the bill of exceptions and it was agreed, for the purposes of this writ, that the following facts might be taken to have been approved:

"That on August 25, 1924, at about 7:30 a. m., the Reo speed wagon in question was found at Middleboro, Massachusetts, at the time being operated by one James Russo and having aboard a number of cases of alcohol

which had been introduced into the United States contrary to law;" that the owner of the truck was John Almeida, of Dennis, Massachusetts, who was in the fish business, and that, on August 24, his son, Leo Almeida, in connection with the fish business, took the truck with a load of fish to New Bedford; that he had no authority to use the truck in any other connection or to loan it to others; that, after delivering the fish at New Bedford, Leo met an acquaintance, James Russo, who requested that he loan the truck to him for the purpose of moving some furniture from Onset to New Bedford; that Leo loaned him the truck; that thereafter it was found being operated by Russo, bearing the cases of alcohol; and that Russo used the truck to transport the alcohol without the knowledge or consent of either Leo or his father.

In the opinion of the court below it was stated:

"There was evidence that some of the packages containing the alcohol found on the truck bore the name at some time of a foreign dealer, or manufacturer, but there was no evidence whatever tending to show when, where, how or by whom the alcohol had been smuggled, if, indeed, it had been smuggled."

[1] If it be conceded that the record shows that the alcohol in question had been introduced into the United States contrary to law, it does not appear by the agreed facts that it had been brought in contrary to the customs laws rather than the National Prohibition Act, or wherein it was contrary to the customs laws. The information alleged that it had been fraudulently imported without the payment of customs duties, but there is nothing to support the allegation, for the agreed statement contains no finding that the alcohol was brought in without the payment of customs duties. This alone was sufficient to warrant the judgment of dismissal.

[2] The government, however, apparently assumes, contrary to the record, that the agreed facts show that the alcohol was fraudulently and clandestinely imported into the United States without the payment of customs duties, for the question which it has argued is whether, under sections 3061 and 3062 of the Revised Statutes (Comp. St. §§ 5763, 5764), the automobile was subject to seizure and forfeiture, even though John Almeida, the owner of the car, never parted with its custody or control to Russo, and his son, Leo, had no authority to loan it to Russo or any one else. In other words, it is the government's contention that, under the statute, the vehicle of an innocent owner may be forfeited, even though its use in the unlawful act was without his privity or consent.

While we do not regard the question as before us, yet, in view of the contention that has been made, we feel at liberty to say that no decision of the Supreme Court or any other court has gone to the extent of holding that these sections of the statute can be extended to property stolen from the owner or otherwise taken from him without his privity or consent. Goldsmith-Grant Co. v. United States, 254 U. S. 505, 512, 41 S. Ct. 189, 65 L. Ed. 376. It is true that what was said in that case had reference to section 3450 of the Revised Statutes (Comp. St. § 6352), and not to sections 3061 and 3062; but that provision of law is of the same character as section 3062.

In United States v. One Saxon Automobile, 257 F. 251, 252, 168 C. C. A. 335, 336, the Circuit Court of Appeals for the Fourth Circuit, in considering the same section, after stating that it was to be construed as a whole, and in a fair and reasonable manner, and not strictly in favor of the claimant, said:

"This rule of construction has been extended without dissent to protect the innocent owner of property from forfeiture, even when provided by a statute which expresses no limitation or exemption of any kind, where the property has been taken by a trespasser or a thief, or the owner has been deprived of the possession by forces of nature beyond his control. This is for the reason that no right of possession or custody can be acquired by or from a trespasser or thief, or by virtue of the forces of nature against the will of the owner. In such case, the owner of the property has never in a legal sense parted with any right of custody or possession, and hence no statute can operate against his title by reason of the use or custody or possession of the thief or trespasser, or his deprivation of it by the forces of nature."

The case of Peisch v. Ware, 4 Cranch, 347, 353, 364, 2 L. Ed. 643, involved a question of forfeiture for violation of revenue laws. There the government was relying upon a certain act of the salvors of goods from a stranded vessel as a violation of the revenue law and working the forfeiture. In that case the contention on the part of the owner of the salvaged goods was that, if the salvors were trespassers, no act of theirs could forfeit them; that it must be an act done by the owners, or with their privity, or by some person acting under their authority.

And Chief Justice Marshall, in discussing the question at page 364, said:

"The court is of opinion that those penalties [referring to forfeiture sections] cannot be so applied in this case, not only because, from the whole tenor of the law, its provisions appear not to be adapted to goods saved from a vessel under the circumstances in which the Favourite was found, *but because, also,* the law is not understood to forfeit the property of owners or consignees, on account of the misconduct of mere strangers, over whom such owners or consignees could have no control."

Assuming that the liquor in question had been brought into the country without the payment of duties, the facts disclose that Russo's acts in the use of the automobile stood with reference to the claimant, John Almeida, as those of a trespasser or converter of property, and, such being the case, we are of the opinion that the car was not subject to forfeiture under the statute.

The judgment of the District Court is affirmed.