# UNITED STATES v. ONE MODEL H FARMALL TRACTOR, SERIAL NO. 117099.

## Civil Action No. 196.

District Court, W. D. Tennessee, E. D.

July 26, 1943.

William McClanahan, Dist. Atty., and C. P. J. Mooney, Asst. Dist. Atty., both of Memphis, Tenn., for libelant.

Dwayne D. Maddox, of Huntingdon, Tenn., for intervenor.

BOYD, District Judge.

The Government here seeks a forfeiture of one Model "H" Farmall Tractor for a breach of the provisions of Title 26, Section 3321, United States Code Annotated Int.Rev.Code, R.S. § 3450.

The Long Brokerage Company, claimant, has filed an intervening petition in which it claims, among other things, the tractor at the time of its seizure and the violations herein complained of, was in possession of parties who had obtained same through trespass and without the knowledge or consent of claimant, or the parties to whom claimant had sold said tractor under a retained title contract. It asks a return of the seized tractor.

The Supreme Court in its latest pronouncements on the subject reserved opinion as to whether this section of the statute can be extended to property stolen from the owner, or otherwise taken from him without privity or consent. Goldsmith, Jr.-Grant Co. v. United States, 254 U.S. 505, 41 S.Ct. 189, 65 L.Ed. 376; United States v. One Ford Coupé Automobile, 272 U.S. 321, 47 S.Ct. 154, 71 L.Ed. 279, 47 A.L.R. 1025.

Other courts hold uniformly to a construction which protects the innocent owner of property from forfeiture where the property has been taken by a trespasser, or the owner has been deprived of possession without his knowledge and consent, or through his negligence. United States v. Almeida, 1 Cir., 9 F.2d 15; United States v. Two Barrels of Whisky, 4 Cir., 96 F. 479; United States v. One Ford Coupé, D.C.Idaho, 21 F.2d 639; United States v. One Buick Roadster, D.C.Montana, 280 F. 517. See also: United States v. One Saxon Automobile, 4 Cir., 257 F. 251; Beaudry v. United States, 5 Cir., 79 F.2d 650, 651.

Under the accompanying findings of fact, the parties using the tractor at

the time of its seizure had obtained same through trespass and without the knowledge and consent of its owners. Nor did the owners negligently contribute to the violation of the internal revenue laws in their control and use of the tractor.

The libel should be dismissed and the tractor returned to the claimant herein.

The Court makes the following:

### Findings of Fact

I. Will Ross leased the B. M. Seaman farm, consisting of approximately 600 acres, located in Madison County, Tennessee, for the 1943 crop year. It was a part of the understanding that the lessee would procure a tractor which was considered necessary in the operation of this farm.

II. On September 16, 1942, Will Ross, in company with his son Hubert Ross, went to Mr. W. H. Long, who operates the Long Brokerage Company, claimant herein, where negotiations for the purchase of the tractor involved in this case were completed.

III. The sale of the tractor herein was made to Hubert Ross, the original sale price of which being approximately $700. Other farming implements were purchased at the same time which, including the tractor, brought the total purchases to the amount of $1,500. A cash payment at the time of purchase in the sum of $450 was made by Hubert Ross, and an additional $100 payment was made on these purchases by Hubert Ross on April 9, 1943. Since the seizure of the tractor in this case, no other payments have been made on the original contract, and no efforts have been made by Long Brokerage Company to repossess any of the other articles embraced in the contract.

IV. While the farm was leased to Will Ross, his son Hubert Ross was to work on it for one-half interest in the crops.

V. As additional security for the purchase price of the tractor and other implements sold to Hubert Ross by the Long Brokerage Company, Will Ross was required to sign the conditional sales note. This he did jointly with his son, Hubert Ross, each by making his mark, as neither Will Ross nor Hubert Ross is able to read or write.

VI. The tractor and other implements were delivered to Will Ross and his son Hubert Ross, and were removed to the Seaman farm where they were used in general farming operations until April 12, 1943, when the tractor in question here was seized by the Government agents.

VII. The Long Brokerage Company made no investigation of either Will Ross or Hubert Ross to ascertain if either had a record or reputation as violators of the Internal Revenue laws. It had no knowledge or information in this connection at the time of the sale of the tractor, nor did it have any suspicion the tractor would be used in the violation of the Internal Revenue laws. Its interest and lien were acquired in good faith.

VIII. In July, 1941, Will Ross plead guilty to a charge of violating the Internal Revenue laws of the United States and received a fine of $100 and thirty days in jail. He also had a reputation for several years prior to the purchase of the tractor as a dealer in illicit liquor. There is no record of conviction for Internal Revenue violations against Hubert Ross, nor has he at any time had a reputation as a dealer in illicit liquor.

IX. Harold Clyde Ross lived with his father Will Ross and worked on the farm as a laborer. Another son, Homer Ross, who was absent from army duty without leave about this time, set up a sixty gallon still on the Ross farm with his brother Harold Clyde Ross. On April 12, 1943, Homer and Harold Clyde Ross and Fred Rose, a tenant on the Ross farm, were arrested by Government agents in the vicinity of the still while using the tractor involved herein in the deposit, concealment and removal of distilled spirits upon which the taxes had not been paid, and with intent to defraud the United States of said tax. The tractor had been used on two prior occasions by Homer and Harold Clyde Ross in the matter of hauling materials and tax unpaid liquor to and from the still.

X. The arrest and seizure herein were made late at night, at which time Will Ross and his son Hubert Ross were asleep at home. Neither Will Ross nor Hubert Ross had given Homer Ross or Harold Clyde Ross permission to use the tractor for any purpose, and same was taken and was being used without their knowledge or consent.

XI. Neither Will Ross nor his son Hubert Ross knew of the existence of the distillery on the farm or the activities of

its operators in connection therewith, though the land was being cultivated by them within three or four hundred yards of the distillery, which was located in the woods approximately one mile from the house.

XII. After each day's work in the fields with the tractor, same was left near the barn several hundred yards from the Ross home. The tractor was purchased and used by Will and Hubert Ross solely for farm purposes, and there was never any occasion to restrain its use in other connections.

XIII. Homer Ross, Harold Clyde Ross and Fred Rose were indicted in the United States District Court for the Western District of Tennessee, Eastern Division, as a result of the violations herein. Harold Clyde Ross and Fred Rose each entered a guilty plea and was sentenced. Homer Ross in the meantime returned to the Army, and the case as against him is still pending. Neither Will Ross nor Hubert Ross was indicted in this case, nor does the record disclose that they were in any way connected with the violations.

### Conclusions of Law

I. Claimant of tractor which the Government seeks to forfeit because of its use in the removal of tax unpaid distilled spirits with the intent to defraud the Government of its tax, has met the burden of escaping forfeiture by showing extraordinary circumstances.

II. Where claimant sells tractor under retained title contract and delivers same to conditional vendees for farming purposes, tractor is not subject to forfeiture under Title 26, Section 3321, United States Code Annotated Int.Rev.Code, where it has been taken and used in the deposit, concealment and removal of distilled spirits through trespass and without the knowledge or consent of claimant or the conditional vendees.

III. Section 646, Title 18 United States Code Annotated, which requires as a condition precedent to remission or mitigation, investigation of purchaser's record and reputation in connection with liquor law violations, is not involved as a vehicle is not subject to forfeiture for violation of Section 3321, Title 26 United States Code Annotated Int.Rev.Code, where it has been taken, through trespass and without the knowledge and consent of its owners.

IV. Though the terms of Section 3321, Title 26 United States Code Annotated Int.Rev.Code, are sufficiently broad to authorize forfeiture of a tractor on which liquor was being deposited, concealed or removed with intent to defraud the United States of taxes thereon, even if the tractor had been taken from the owners by trespass and without their knowledge or consent, such a forfeiture is not within the purpose of the Act and an intention to make an exception will be implied.

V. The construction of Section 3321, Title 26 United States Code Annotated Int.Rev.Code, as authorizing a forfeiture of a vehicle in which liquor was being deposited, concealed or removed with intent to defraud the United States of taxes due thereon, though possession of the vehicle was obtained by trespass and without the owners' knowledge or consent, would deprive the owners of their property without due process of law, and such construction will, therefore, not be adopted.

VI. Under the facts of this case, neither the conditional vendor nor the purchaser in possession of the tractor in question knowingly or negligently contributed to the violations of the federal liquor laws complained of, and the vehicle in question is not subject to forfeiture as against either of them.

VII. The Court concludes under the facts of this case that the tractor was not used in violation of Title 26, Section 3321, United States Code Annotated, Int.Rev. Code, R.S. § 3450, and that the rights and interests in and to same are not subject to forfeiture.

### Order for Judgment

Counsel will prepare and submit appropriate judgment.