UNITED STATES of America, Plaintiff-Appellant,

v.

ONE 1958 PONTIAC COUPE, Serial No. P–853H2925, Defendant-Appellee.

No. 13378.

United States Court of Appeals Seventh Circuit.

Jan. 30, 1962.

Edward R. Phelps, U. S. Atty., Marks Alexander, Asst. U. S. Atty., Springfield, Ill., John M. Daugherty, Asst. U. S. Atty., Peoria, Ill., for appellant.

James A. Cummings, Thomas Trager, Peoria, Ill., for appellee.

Before DUFFY, KNOCH and KILEY, Circuit Judges.

DUFFY, Circuit Judge.

This is a libel action by the United States of America based upon sec. 7302, Title 26 U.S.C., for the forfeiture of an automobile. This appeal is from an order dismissing the complaint (libel) and directing that possession of the automobile be delivered to Marie A. Juerjens whom the Court found to be the owner thereof.

The libel charged that the automobile was intended for use in violating the provisions of the Internal Revenue Act and regulations prescribed thereunder, and had been so used by one Frederick Juerjens, Sr. in the conduct of his business of accepting wagers and bets on sports events and contests at a time when he was required to pay a special occupational tax of Fifty Dollars per annum and was required to register with the District Director of Internal Revenue. It was alleged Juerjens failed and neglected to pay said tax and to so register.

Marie A. Juerjens, the former wife of Frederick Juerjens, Sr., but who, from time to time, lived in the same house

with him, filed an answer to the libel. She alleged she was the owner of the automobile and was without knowledge that Frederick Juerjens, Sr. had used the automobile in violation of the Internal Revenue Act.

An agent of the Intelligence Division of the Internal Revenue Service testified that on February 14, 1959, he went to a certain tavern and placed a wager on the outcome of a basketball game. He was given a parlay card. A stub from the card and the money wagered were placed in a box on the back bar. Frederick Juerjens, Sr. came in to the tavern and obtained the money and stubs from the box on the back bar. The agent had seen Juerjens do the same thing about a week earlier. Juerjens then left the tavern and got into a 1958 Pontiac Coupe. Juerjens was then arrested and the automobile was searched. Many parlay cards were found in different places in the automobile together with Santa Anita Handicap racing booklets.

Although Juerjens was arrested on February 14, 1959, parlay cards were found in the automobile which bore various dates, some as early as October of 1958. A witness familiar with parlay cards testified the October 1958 cards would have no value on February 14, the day of the arrest, because they were parlays on games that were to be played during a designated week in October, 1958. The Government urges the reasonableness of an inference that they had been in the Pontiac automobile from approximately the date on the tickets.

Section 7302, Title 26, provides in part, "It shall be unlawful to have or possess any property intended for use in violating the provisions of the internal revenue laws, or regulations prescribed under such laws, or which has been so used, and no property rights shall exist in any such property. * * * The seizure and forfeiture of any property under the provisions of this section and the disposition of such property subsequent to seizure and forfeiture * * * shall be in accordance with existing laws or those hereafter in existence relating to seizures, forfeitures, and disposition of property or proceeds, for violation of the internal revenue laws." (Emphasis supplied)

█ This is a proceeding in rem. The parties are the United States of America and the motor vehicle. The material allegations of the libel charge wrong doing by violation of the Internal Revenue laws by the possessor and user of the vehicle. As far as the question of forfeiture is concerned, it is immaterial whether the owner-claimant was innocent of the violations or had knowledge thereof. In United States v. One 1942 G. M. C. Tractor Truck, 7 Cir., 182 F.2d 278, 280, we said: "Even so, it is settled that a proceeding of this character is against the truck, and if it has offended, the innocence of its owner is no defense." We cited Goldsmith, Jr.-Grant Co. v. United States, 254 U.S. 505, 513, 41 S. Ct. 189, 65 L.Ed. 376, and Busic v. United States, 4 Cir., 149 F.2d 794, 795.

While it is well settled that the innocence of the owner of the vehicle is no defense, there is some authority to the effect that forfeiture will not lie if the vehicle was being used without the knowledge or consent of the owner, having been obtained by the wrongdoer in violation of the criminal laws. United States v. One Ford Coupe Automobile, et al., (S.D.Idaho) 21 F.2d 639, 640; United States v. One Model H. Farmall Tractor, etc., (W.D.Tenn.) 51 F.Supp. 603, and cases cited therein. However, the facts of this case do not raise the issue whether the meaning of the statute can be extended to property stolen from the owner or otherwise obtained without his consent and we need not consider that question in this case. United States v. One Ford Coupe Automobile, 272 U.S. 321, 333, 47 S.Ct. 154, 71 L.Ed. 279; Goldsmith, Jr.-Grant Co. v. United States, 254 U.S. 505, 512, 41 S.Ct. 189, 65 L.Ed. 376; United States v. One Chevrolet Truck, 1934 Model, etc., 5 Cir., 79 F.2d 651, 652.

█ The District Court found that on and prior to February 14, 1959, Freder-

ick Juerjens, Sr. was in the business of accepting wagers and bets on sports events and contests; that he was required to pay an occupational tax of Fifty Dollars per annum but failed to do so, and that he was required to register with the District Director of the Internal Revenue Service but failed to do so.

Although the District Court made no findings on the point, it is undisputed on the record before us that Frederick Juerjens, Sr. used the Pontiac in question in carrying on his business of accepting bets and wagers. Mrs. Juerjens knew that her ex-husband had possession of the Pontiac, and he was using it with her consent. The District Court had no alternative but to declare a forfeiture.

The District Court treated this case as one involving solely the issue of the equities between the owner-claimant and the United States. Without designating its decision as one granting remission of a forfeiture, the Court found the issues generally for the owner-claimant, dismissed the libel and ordered the return of the Pontiac to Marie A. Juerjens. In doing so, the Court committed error.

▮ Assuming the order of the District Court was, in effect, a remission, did the Court have the power and authority to order the United States Marshal to deliver the Pontiac automobile to Marie A. Juerjens? We hold the Court had no such authority.[1]

Title 19 U.S.C.A. § 1618 vests the exclusive jurisdiction over remission or mitigation of forfeitures for violation of the customs laws in the Secretary of the Treasury. Title 26 U.S.C.A. § 7327 provides: "The provisions of law applicable to the remission or mitigation by the Secretary or his delegate of forfeitures under the customs laws shall apply to forfeitures incurred or alleged to have been incurred under the internal revenue laws."

Until 1935, the District Court was without power to remit forfeitures in any case. In that year, Congress passed 18 U.S.C. § 646, 49 Stat. 878 (now 18 U.S.C. § 3617), which gave the District Court exclusive jurisdiction to remit or mitigate the forfeiture of vehicles used in transporting liquor in violation of the Internal Revenue laws. However, the Court's power was limited exclusively to liquor violations, " * * * [the] power to remit all other forfeitures for violation of revenue laws was vested exclusively in the Secretary of the Treasury." United States v. One 1941 Plymouth Tudor Sedan, 10 Cir., 153 F.2d 19, 20.

The order of the District Court is reversed and remanded for the entry of a decree of condemnation against the Pontiac automobile.

Reversed.

[1] Under this statute, Mrs. Juerjens may file a petition with the Secretary of the Treasury for his determination whether mitigating circumstances exist to justify remission of the forfeiture.