The UNITED STATES of America

v.

ONE 1958 CHRYSLER IMPERIAL 2-DOOR AUTOMOBILE, Motor No. LY13747, and One 1957 Chevrolet 2-Door Station Wagon, Identification No. A57B227960.

Civ. A. No. 335.

United States District Court
N. D. Florida,
Gainesville Division.

Oct. 15, 1962.

———◆———

Clinton Ashmore, U. S. Atty., Tallahassee, Fla., for libellant.

W. D. Reynolds, of Tench & Reynolds, Gainesville, Fla., for respondent.

CARSWELL, Chief Judge.

This libel action was filed by the United States upon Section 7302, Title 26 United States Code, for the forfeiture of a 1958 Chrysler and a 1957 Chevrolet. A petition for remission of forfeiture was filed by the Bank of Hawthorne, Florida and all matters were called on for the taking of testimony. At the conclusion of the testimony the Court entered findings of fact and conclusions of law which upheld the United States in its legal right to forfeit both of the subject automobiles under the facts there presented. At the same time the Court withheld its opinion concerning the petition for remission of forfeiture.

While it is clear that the United States District Courts have jurisdiction under Title 18, Section 3617, to consider petition for remission of forfeiture where it appears that the automobile was used in the violation of the liquor laws, these automobiles were found to have been used in violating the wagering tax law.

Title 26, Section 7302, upon which this libel in rem is based, gives authority to the District Courts to determine whether the property is forfeitable. But it is equally clear that there is no authority in the District Court to consider petitions for remission of forfeiture in Internal Revenue cases other than those involving liquor. Title 19, Section 1618, provides for the authority of the Secretary of the Treasury to remit on forfeitures, and vests exclusive jurisdiction of remission or mitigation of forfeiture for violations of the Customs laws in the Secretary of the Treasury. Title 26, Section 7327, provides:

"The provisions of law applicable to the remission or mitigation by the Secretary or his delegate of forfeitures under the customs laws shall apply to forfeitures incurred or alleged to have been incurred under the internal revenue laws."

As stated in United States v. One 1958 Pontiac Coupe, 298 F.2d 421 (7th Cir., January 30, 1962), on page 423:

"Until 1935, the District Court was without power to remit forfeitures in any case. In that year, Congress passed 18 U.S.C. § 646, 49 Stat. 878 (now 18 U.S.C. § 3617), which gave the District Court exclusive jurisdiction to remit or mitigate the forfeiture of vehicles used in transporting liquor in violation of the Internal Revenue laws. How-

ever, the Court's power was limited exclusively to liquor violations, ' * * * [the] power to remit all other forfeitures for violation of revenue laws was vested exclusively in the Secretary of the Treasury.' United States v. One 1941 Plymouth Tudor Sedan, 10 Cir., 153 F.2d 19, 20."

The Court thus concludes that the adjudication of forfeiture of subject automobiles heretofore determined on findings of fact and conclusions of law at the close of the testimony was properly entered but that this Court is without jurisdiction to consider petition for remission of forfeiture filed by the Bank of Hawthorne, Florida in this cause. Accordingly, decree of forfeiture will be entered and petition for remission of forfeiture by the Bank of Hawthorne, Florida will be dismissed without prejudice, however, to its proceeding under the applicable provisions of law for the consideration of its claim by the Secretary of the Treasury.