EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Osvaldo Figueroa Santiago; Josean Figueroa Bonilla<br><br>Recurridos<br><br>v.<br><br>Estado Libre Asociado de Puerto Rico<br><br>Peticionario | Certiorari<br><br>2021 TSPR 121<br><br>207 DPR \_\_\_\_ |

Número del Caso: CC-2019-926

Fecha: 9 de agosto de 2021

Tribunal de Apelaciones:

 Panel IV

Oficina del Procurador General:

 Lcdo. Isaías Sánchez Báez
 Procurador General

 Lcda. María Astrid Hernández Martín
 Procuradora General Auxiliar

 Lcda. Celia M. Molano Flores
 Procuradora General Auxiliar

Abogada de la parte recurrida:

 Lcda. Anselma Margarita Cabrera Marte

Materia: Ley Uniforme de Confiscaciones -La reclasificación de un delito grave a uno menos grave, como parte de una alegación preacordada, no constituye impedimento colateral por sentencia en un pleito civil sobre impugnación de confiscación.

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Osvaldo Figueroa Santiago;
Josean Figueroa Bonilla

      Recurridos

        v.

Estado Libre Asociado de
Puerto Rico                   CC-2019-0926

      Peticionario

Opinión del Tribunal emitida por el Juez Asociado señor MARTÍNEZ TORRES.

En San Juan, Puerto Rico, a 9 de agosto de 2021.

Nos corresponde determinar si la reclasificación de un delito grave a uno menos grave, como parte de una alegación preacordada, constituye impedimento colateral por sentencia en un pleito civil sobre impugnación de confiscación.

Resolvemos que, a la luz de la Ley Uniforme de Confiscaciones de 2011, infra, una reclasificación de un delito grave a uno menos grave no constituye un resultado favorable para el imputado. Por lo tanto, prevalece la confiscación por parte del Estado y no procede la defensa de impedimento colateral por sentencia.

I

El 29 de noviembre de 2016 la Policía de Puerto Rico diligenció una Orden de Registro y Allanamiento contra el co-peticionario Josean Osvaldo Figueroa Bonilla y el inmueble donde este residía en el municipio de Aguada, Puerto Rico. Producto del allanamiento se ocupó al señor Figueroa Bonilla la suma de $4,072 y al co-peticionaro Osvaldo Figueroa Santiago la suma de $55,449.

El 6 de diciembre de 2016, el Pueblo presentó contra el señor Figueroa Bonilla una denuncia por violar el Art. 6.01 de la Ley Núm. 404-2000, según enmendada, conocida como Ley de Armas de 2000, 25 LPRA Sec. 459; otra denuncia por infringir la Sec. 3 de la Ley Núm. 83-1963, según enmendada, conocida como Ley de Pirotecnia, 25 LPRA Sec. 503; y una denuncia por un delito menos grave de la Ley Núm. 134 de 28 de junio de 1969, según enmendada, conocida como Ley de Explosivos, 25 LPRA Sec. 561 et seq. Al señor Figueroa Santiago se le presentaron dos denuncias, una por violación del Art. 5.04 y otra por violación del Art. 6.01 de la Ley de Armas de 2000, 25 LPRA Secs 458c y 459.

Tras celebrarse la correspondiente vista preliminar y vista preliminar en alzada, solo subsistieron las denuncias contra el señor Figueroa Bonilla bajo la Sec. 3 de la Ley de Pirotecnia, supra, y la Ley de Explosivos, supra. Las denuncias contra el señor Figueroa Santiago fueron archivadas.

Entonces, se acusó al señor Figueroa Bonilla al amparo de la Sec. 3 de la Ley de Pirotecnia, supra. No obstante, el día del juicio, el señor Figueroa Bonilla hizo alegación de culpabilidad luego de que el Ministerio Público reclasificó de grave a menos grave el delito por violar la Ley de Pirotecnia, supra. De igual forma se declaró culpable por infringir la Ley de Explosivos, supra.

En vista de lo anterior, el 11 de julio de 2017 los aquí recurridos presentaron una demanda impugnando la legalidad de la confiscación que el Estado realizó. Alegaron que la ocupación y la confiscación fue ilegal, arbitraria y caprichosa, pues no habían infringido las disposiciones de la Ley de Armas, supra, Ley de Pirotecnia, supra, ni la Ley de Explosivos, supra. Por lo tanto, el dinero confiscado no era producto de la violación de dichas leyes, según argumentaron.

Oportunamente, el Estado presentó su correspondiente contestación. En síntesis, planteó que la confiscación se realizó de buena fe, con autoridad legal para ello y dentro del ejercicio de un deber ministerial.

Tras varios procedimientos —entre ellos el cese de la paralización automática del caso dispuesta en la Ley PROMESA, 48 USC sec. 2101, et seq.— los recurridos presentaron una solicitud de sentencia sumaria. Alegaron que reclasificar el delito grave a uno menos grave bajo la Ley de Pirotecnia, supra, constituyó un desistimiento por el Estado del caso grave contra el señor Figueroa Bonilla. Por

lo tanto, argumentaron que procedía la moción de sentencia sumaria por impedimento colateral por sentencia. Oportunamente el Estado presentó su escrito de oposición. Alegó que la aplicación de la doctrina de impedimento colateral por sentencia iba contra la voluntad legislativa ya que, por virtud de la Ley Núm. 119-2011, infra, los procedimientos civiles de confiscación son independientes de la causa penal.

Después de ambos escritos, el Tribunal de Primera Instancia declaró no ha lugar la solicitud de sentencia sumaria de los recurridos. El foro primario reconoció que los señores Figueroa Santiago y Figueroa Bonilla obtuvieron un resultado favorable en las causas de índole criminal que dieron base a la confiscación del dinero. Sin embargo, explicó que en virtud del mandato legislativo contenido en la Ley Núm. 287-2018, la culpabilidad o inocencia del acusado no debería tomarse en cuenta en el proceso de confiscación. Asimismo, dispuso que la doctrina de impedimento colateral por sentencia no aplica a los procesos de confiscación cuando el acusado se ha declarado culpable.

Inconformes, los recurridos presentaron una moción de reconsideración. Sostuvieron que la ley aplicable a una acción civil es la vigente al momento en que ocurren los hechos que dan lugar a la causa de acción. Siendo ello así, explicaron que la Ley Núm. 287-2018 no es aplicable al presente caso, porque su vigencia es prospectiva. La referida solicitud de reconsideración fue denegada.

En desacuerdo con lo anterior, los recurridos presentaron un recurso de certiorari ante el foro apelativo intermedio. Arguyeron, esencialmente, que la Ley Núm. 287-2018, no era aplicable al presente caso y que el foro primario no aplicó el estado de derecho vigente, conforme al cual procedería la aplicación de la doctrina de impedimento colateral, toda vez que los demandantes obtuvieron resultados "favorables" en las causas de índole criminal.

Evaluados los planteamientos de ambas partes, el Tribunal de Apelaciones revocó el dictamen del foro primario. El foro apelativo intermedio entendió que debido a que se reclasificó el delito grave por violar la Ley de Pirotecnia, supra, a uno menos grave, la confiscación no estaba dentro de los parámetros establecidos en el Art. 9 de la Ley Uniforme de Confiscaciones de 2011, infra.

Insatisfecho con lo resuelto por el Tribunal de Apelaciones, el Estado recurre ante nos. Alega que el foro apelativo intermedio erró al establecer que, al reclasificarse la violación en torno a la Ley de Pirotecnia, supra, a un delito menos grave del mismo estatuto, la confiscación no procede porque no cae dentro de los parámetros del Art. 9 de la Ley Uniforme de Confiscaciones de 2011, infra.

Expedido el auto de certiorari y con el beneficio de la comparecencia de las partes, procedemos a resolver.

II

Hemos definido la confiscación como "el acto de ocupación que lleva a cabo el Estado de todo derecho de propiedad sobre cualesquiera bienes que hayan sido utilizados en relación con la comisión de determinados delitos". Reliable Financial v. ELA, 197 DPR 289, 296 (2017); Reliable v. Depto. Justicia y ELA, 195 DPR 917, 924 (2016); Doble Seis Sport v. Depto. Hacienda, 190 DPR 763 (2014); Coop. Seg. Mult. V. ELA, 180 DPR 655, 662 (2011). Los elementos necesarios para determinar si procede una confiscación son: (1) la existencia de prueba suficiente y preponderante de que se ha cometido un delito, y (2) un nexo entre la comisión del delito y la propiedad confiscada. Rodríguez Ramos v. ELA, 174 DPR 194, 203 (2008).

Con el propósito de prescribir las normas que regirán el procedimiento de confiscaciones en nuestra jurisdicción, el legislador aprobó la Ley Núm. 119-2011, conocida como la Ley Uniforme de Confiscaciones de 2011, 34 LPRA sec. 1724 et seq. Reliable Financial v. ELA, supra, pág. 297. Estableció un trámite justo, expedito y uniforme para que el Estado pueda llevar a cabo las confiscaciones. Flores Pérez v. ELA, 195 DPR 137, 146-147 (2016).

En su Art. 2 establece que el proceso de confiscación será independiente de cualquier otro procedimiento penal, civil o administrativo:

> **El proceso de confiscación será uno civil dirigido contra los bienes e independiente de cualquier otro proceso de naturaleza penal,**

**civil o administrativa** que se pueda llevar contra el dueño o el poseedor de los bienes ocupados bajo las disposiciones de cualquier ley que autorice la confiscación de bienes por parte del Estado. (Énfasis nuestro). 34 LPRA sec. 1724(e).

De igual forma, de la Exposición de Motivos de la Ley Uniforme de Confiscaciones de 2011, <u>supra</u>, se desprende la intención del legislador en caracterizar la confiscación como una acción civil y no penal. Deja claro que la acción de confiscación es totalmente independiente de cualquier otro procedimiento criminal. En lo pertinente, el legislador expresó:

En nuestra jurisdicción, la confiscación es una acción civil o in rem, distinta y separada de cualquier acción in personam. La confiscación que lleva a cabo el Estado se basa en la ficción legal de que la cosa es la ofensora primaria. **El procedimiento in rem tiene existencia independiente del procedimiento penal de naturaleza in personam, y no queda afectado en modo alguno por éste.** Los procedimientos de confiscación civil pueden llevarse a cabo y culminarse antes de que se acuse, se declare culpable o se absuelva al acusado. Incluso, pueden llevarse aun cuando no se haya presentado ningún cargo. Esto [es] debido a que **la acción civil se dirige contra la cosa en sí misma[.E]n general, la culpabilidad o inocencia del propietario es irrelevante en cuanto a la procedencia o no de la confiscación civil.** <u>Goldmith-Grant Co. v. United States</u>, 254 U.S. 505 (1921). <u>Calero-Toledo v. Pearson Yatch Leasing Co.</u>, 416 U.S. 663(1974). <u>United States v. One Assortment of 89 Firearms</u>, 465 U.S. 354 (1984). (Énfasis nuestro). Exposición de Motivos de la Ley Núm. 119-2011.

Por otro lado, el Art. 9 de la Ley Uniforme de Confiscaciones de 2011, 34 LPRA sec. 1724f establece cuáles son los bienes sujetos a confiscación:

Artículo 9. – Bienes sujetos a confiscación

Estará sujeta a ser confiscada, a favor del Gobierno de Puerto Rico, **toda propiedad que resulte, sea producto o se utilice, durante la comisión de delitos graves y de aquellos delitos menos graves en los que por ley se autorice la confiscación**, cuando tales delitos graves y menos graves se encuentren tipificados en el Código Penal de Puerto Rico, en las leyes de sustancias controladas, de armas y explosivos, en las leyes contra el crimen organizado, en las leyes de juegos prohibidos, bebidas alcohólicas, leyes fiscales, leyes contra la apropiación ilegal de vehículos, leyes de vehículos y tránsito y de embarcaciones; así como en otras leyes y en aquellos estatutos confiscatorios en los que por ley se autorice la confiscación. Toda propiedad que esté sujeta a una sentencia de confiscación que así lo autorice, será confiscada a favor del Gobierno de Puerto Rico. (Énfasis nuestro).

Del texto de la ley se desprende la autorización del legislador para confiscar toda propiedad que resulte, sea producto o se utilice en la comisión de delitos graves o menos graves, si estos últimos están tipificados en cualquiera de las leyes especiales que autoricen la confiscación de esas propiedades.

Como recordaremos, el señor Figueroa Bonilla formuló alegación de culpabilidad por violar la Sec. 3 de la Ley de Pirotecnia, supra, en su modalidad menos grave, al igual que por un delito menos grave por violar la Ley de Explosivos, supra. Ambos delitos se encuentran enmarcados entre las leyes por cuya violación el Art. 9 de la Ley Uniforme de Confiscaciones de 2011, supra, autoriza la confiscación.

En el caso de la Ley de Explosivos, supra, surge con claridad de su Art. 33, 25 LPRA sec. 593, ("Confiscación por

posesión ilegal") la autoridad para confiscar "todo explosivo o sustancia que pueda utilizarse para fabricar explosivos, … que sea manufacturado, usado, poseído, almacenado, transportado, vendido, o en cualquier forma traspasado en Puerto Rico, en violación a las disposiciones de este capítulo…".

Al estudiar esa disposición, en conjunto con el Art. 9 de la Ley Uniforme de Confiscaciones de 2011, supra, es forzoso concluir que la incautación del dinero al señor Figueroa Bonilla procede en derecho. En primer lugar, el dinero fue producto de la comisión de un delito. Por ello, el Art. 33 de la Ley de Explosivos, supra, autorizó la confiscación. En segundo lugar, la Sec. 3 de la Ley de Pirotecnia, supra, 25 LPRA sec. 503, establece las penalidades por infringir sus disposiciones. En lo pertinente, establece que "en aquellos casos en donde se intervenga con un individuo a quien se le ocupe diez (10) unidades o menos de material de pirotecnia estará expuesta a las penalidades correspondientes a un delito menos grave".

La ley general (Ley Uniforme de Confiscaciones de 2011, supra) facultó al Estado a confiscar los frutos o propiedad que resulte de la explotación o ejecución del delito prohibido por la ley especial. En este caso, ese fruto es el dinero producto de la venta ilegal de los explosivos y pirotecnias. Es evidente que el legislador facultó al Estado a **ocupar y posteriormente confiscar** todo material de

pirotecnia que esté en posesión de la persona intervenida en violación de lo dispuesto por la Ley de Pirotecnia, supra.

De hecho, en la Exposición de Motivos de las ultimas enmiendas a la Ley de Pirotecnia, supra, el legislador reconoció la magnitud de los materiales de pirotecnia ocupados: "[A]l presente se encuentran confiscadas unas cien mil (100,000) libras de material ilícito dividido en unos tres millones sesenta y cuatro mil setecientos treinta siete (3,064,737) piezas de pirotecnia ilegal con un valor estimado en el mercado de diez millones de dólares ($10,000,000)". Exposición de Motivos de la Ley Núm. 153-2006.

En resumen, concluimos que los delitos por infringir la Sec. 3 de la Ley de Pirotecnia, supra y el Art. 28. de la Ley de Explosivos, 25 LPRA sec. 588 - por los cuales el señor Figueroa Bonilla formuló alegación de culpabilidad están enmarcados entre los delitos por los que el Art. 9 de la Ley Uniforme de Confiscaciones de 2011, supra, autoriza que el Estado pueda confiscar.

III.

Los recurridos sostienen que la reclasificación a menos grave del delito por el cual se les confiscó dinero y material de pirotecnia, como parte de una alegación preacordada de culpabilidad, constituye un impedimento colateral por sentencia. Concluimos que no.

Hemos expresado que para que se configure la defensa de cosa juzgada se tiene que cumplir con los siguientes

requisitos: (1) una primera sentencia válida, la cual advino final y firme que adjudicó los hechos y resolvió la controversia en los méritos; (2) las partes en ambos juicios deben ser las mismas; (3) era la misma controversia objeto en cada juicio; (4) que el remedio que se solicita sea análogo al que se pidió en el caso anterior y, por último, (5) que las partes en ambos litigios comparezcan en la misma calidad. Beniquez et al v. Vargas et al., 184 DPR 210, 221-225 (2012). De la doctrina de cosa juzgada emana el impedimento colateral por sentencia. Este último se diferencia de la doctrina de cosa juzgada al no requerir que las controversias objeto del litigio sean las mismas. Presidential v. Transcaribe, 186 DPR 263, 276-277 (2012). La doctrina de impedimento colateral "surte efectos cuando un hecho esencial para el pronunciamiento de una sentencia se dilucida y se determina mediante sentencia válida y final, [y] tal determinación es concluyente en un segundo pleito entre las mismas partes, aunque estén involucradas causas de acción distintas". Presidential v. Transcaribe, supra, pág. 277 citando a Beniquez et al. v. Vargas et al., 184 DPR 210, 225 (2012).

En el ámbito confiscatorio, "hemos resuelto que la doctrina de impedimento colateral por sentencia no aplica de manera automática a procedimientos de impugnación de confiscación relacionados a los mismos hechos de una acción penal previamente adjudicada". Coop. Seg. Múlt v. ELA, supra, pág. 673. Desde Carlo v. Srio. de Justicia, 107 DPR

356 (1978), hemos expresado que "[l]a doctrina de impedimento colateral por sentencia exige la desestimación del segundo proceso, aun cuando tenga por objeto un delito distinto, si al resolverse el caso anterior se adjudicaron y determinaron hechos necesariamente decisivos para el segundo" Carlo v. Srio. de Justicia, supra, pág. 363.

Por otro lado, en First Bank, Univ. Ins. Co. v. E.L.A., 156 DPR 77 (2002), negamos la aplicación de la doctrina de impedimento colateral por sentencia, por entender que la ausencia de causa probable en cuanto al poseedor del vehículo de motor confiscado, hijo del dueño registral, no impedía la confiscación de la propiedad, ya que uno de los pasajeros se declaró culpable. En específico expresamos:

> En el caso de autos, se dictó sentencia sumaria a favor de los demandantes bajo la teoría de que no procedía la confiscación porque contra el conductor y poseedor del vehículo, hijo de su dueño registral, no se encontró causa probable. Sin embargo, *uno de los pasajeros del vehículo confiscado hizo alegación de culpabilidad* precisamente por el delito que motivó la confiscación. Este pasajero fue el infractor de la ley, el cual cometió una actividad delictiva en el vehículo confiscado. Bajo estas circunstancias, para prevalecer en su solicitud de sentencia sumaria, era necesario que los demandantes presentasen prueba de su carácter de *terceros inocentes*. Es decir, tenían que establecer que la posesión del vehículo no fue obtenida por voluntad del dueño o que el dueño tomó medidas cautelares para prevenir la actividad delictiva, o que el pasajero infractor actuó de manera contraria o apartándose de las instrucciones del dueño del vehículo. (Énfasis en el original). First Bank, Univ. Ins. Co. v. E.L.A., supra, pág. 84.

En Coop. Seg. Múlt. v. ELA, supra, reafirmamos la razón por la cual en First Bank, Univ. Ins. Co. v. E.L.A., supra, no aplicamos la doctrina de impedimento colateral por sentencia. Expusimos que

> En First Bank uno de los pasajeros del vehículo hizo declaración de culpabilidad por posesión de sustancias controladas mientras no se determinó causa probable para arresto contra el poseedor del vehículo. Nuestra negativa a aplicar la doctrina de impedimento colateral por sentencia automáticamente, en ese caso, respondía a que la ausencia de causa probable en cuanto al poseedor no impedía la confiscación, pues el pasajero ya se había declarado culpable. Esa declaración de culpabilidad del pasajero permitía que continuara la acción *in rem* y la determinación de "no causa" contra el poseedor no se podía utilizar como impedimento. Coop. Seg. Múlt. v. ELA, supra, pág. 673, esc. 51.

La aplicación de la doctrina de impedimento colateral por sentencia en los procedimientos de confiscaciones ha suscitado debate en esta Curia. Véase, Bco. Bilbao Vizcaya et al. v. ELA, 195 DPR 39 (2016); Mapre Praico Ins. et. al. v. ELA, 195 DPR 86 (2016); Toyota Credit et. al. v. ELA, 195 DPR 215 (2016). El debate en los precitados casos estribó en la aplicabilidad de la doctrina de impedimento colateral por sentencia en el procedimiento de confiscación, cuando la parte a la que se le confiscó el bien obtiene un resultado favorable en el procedimiento penal. Lo anterior es distinto a la controversia ante nuestra consideración. En el presente caso nos corresponde determinar si la reclasificación de un delito grave a uno menos grave, como parte de una alegación preacordada, constituye impedimento colateral por sentencia

en un pleito civil sobre impugnación de confiscación, si el delito menos grave se encuentra entre los que la Ley Uniforme de Confiscaciones de 2011, supra, autoriza la confiscación.

En el caso ante nuestra consideración, los recurridos alegan que la doctrina de impedimento colateral por sentencia aplica porque obtuvieron un resultado favorable en el caso penal. No les asiste la razón.

El señor Figueroa Bonilla hizo alegación de culpabilidad por un delito menos grave al palio de la Ley de Pirotecnia, supra, y un delito menos grave de la Ley de Explosivos, supra. La Ley Uniforme de Confiscaciones de 2011, supra, autoriza la confiscación de los bienes ocupados por violar esas leyes. Por lo tanto, el señor Figueroa Bonilla no obtuvo ningún resultado favorable. Todo lo contrario, hemos expresado que "una alegación de culpabilidad conlleva las mismas consecuencias que un veredicto de culpabilidad emitido por un Jurado o que un fallo condenatorio de un juez". Pueblo v. Santiago, 160 DPR 618, 633 (2003).

Además, la reclasificación de uno de los delitos fue producto de una negociación de buena fe. El señor Figueroa Bonilla no puede decir que al no tratarse del delito original por el cual ocurrió la confiscación esta no procede. Permitir esta defensa desalentaría para efectos prácticos las negociaciones entre la defensa y el Ministerio Público. Eso provocaría una acumulación innecesaria de casos en nuestros

tribunales y un costo al erario como consecuencia de dicha dilación.

De igual manera, tampoco corresponde la defensa de impedimento colateral por sentencia en el caso del señor Figueroa Santiago. El hecho de que las acusaciones en su contra no prosperaran en la etapa preliminar no hace automáticamente inoficiosa la confiscación. Como resolvimos en First Bank, Univ. Ins. Co. v. E.L.A., supra, no basta con que "el poseedor del vehículo resulte absuelto de los cargos imputados, esto no es en sí mismo suficiente para declarar inválida la confiscación. Lo determinante es si alguna actividad delictiva se ha cometido en el vehículo o mediante el uso del vehículo, aunque la misma no haya sido cometida por el poseedor o conductor de este" First Bank, Univ. Ins. Co. v. E.L.A., supra, pág. 83.

El señor Figueroa Santiago en ningún momento presentó prueba de su desconocimiento sobre la actividad criminal en la residencia del señor Figueroa Bonilla, donde él se encontraba al momento de la confiscación. Tampoco presentó defensa alguna sobre la procedencia del dinero que fue ocupado. Solo argumentó que aplicaba la doctrina de impedimento colateral por sentencia debido a que no prosperaron los cargos por los cuales fue acusado. Como vimos, la determinación de "no causa" no se puede utilizar como impedimento en el procedimiento *in rem* de confiscación, debido a que el señor Figueroa Bonilla resultó convicto de

violar la Ley de Pirotecnia, supra, y la Ley de Explosivos, supra. First Bank, Univ. Ins. Co. v. E.L.A., supra.

IV.

Por los fundamentos antes expuestos, se dictará Sentencia en la que se revoca el dictamen del Tribunal de Apelaciones y se reinstala la resolución del Tribunal de Primera Instancia denegando la moción de sentencia sumaria de los recurridos. Se devuelve el caso al foro primario para que los procedimientos continúen de forma compatible con lo aquí dispuesto.

RAFAEL L. MARTÍNEZ TORRES
Juez Asociado

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Osvaldo Figueroa Santiago;
Josean Figueroa Bonilla

     Recurridos

       v.                  CC-2019-0926

Estado Libre Asociado de
Puerto Rico

     Peticionario

SENTENCIA

    En San Juan, Puerto Rico, a 9 de agosto de 2021.

      Por los fundamentos antes expuestos en la Opinión que antecede, la cual se hace formar parte de esta Sentencia, se revoca el dictamen del Tribunal de Apelaciones y se reinstala la resolución del Tribunal de Primera Instancia denegando la moción de sentencia sumaria de los recurridos. Se devuelve el caso al foro primario para que los procedimientos continúen de forma compatible con lo aquí dispuesto.

      Lo acordó el Tribunal y certifica la Secretaria del Tribunal Supremo Interina. El Juez Asociado señor Estrella Martínez disiente con opinión escrita a la cual se unen la Jueza Presidenta Oronoz Rodríguez y el Juez Asociado señor Colón Pérez.

Bettina Zeno González
Secretaria del Tribunal Supremo Interina

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

|  |  |
|---|---|
| Osvaldo Figueroa Santiago; Josean Figueroa Bonilla<br><br>Recurridos<br><br>v.<br><br>Estado Libre Asociado de Puerto Rico<br><br>Peticionario | CC-2019-0926 |

Opinión disidente emitida por el Juez Asociado señor ESTRELLA MARTÍNEZ, a la cual se unen la Jueza Presidenta ORONOZ RODRÍGUEZ y el Juez Asociado señor COLÓN PÉREZ.

En San Juan, Puerto Rico, a 9 de agosto de 2021.

En esta ocasión, correspondía que este Tribunal reconociera las protecciones estatutarias y constitucionales garantizadas en la Ley uniforme de confiscaciones de 2011, Ley Núm. 119-2011, 34 LPRA secs. 1724-1724w (Ley de Confiscaciones) y, consecuentemente, declarara nula la confiscación de la propiedad por haber sido ejecutada sin autorización en ley.

El Estado no goza de carta blanca en la confiscación de bienes. Un análisis de la Ley de Confiscaciones revela que el registro de una alegación de culpabilidad podría conllevar la extinción del poder que originalmente tuvo el Estado para confiscar la propiedad. Máxime si se trata de un delito menos grave que no autoriza la confiscación. De serlo, procede la anulación de la confiscación, lo que debió ocurrir en el caso ante nos.

Sorprendentemente, la Mayoría recurre a una hiperficción y resuelve en una dirección radicalmente contraria a lo establecido en la Ley de Confiscaciones, supra. Con este proceder, no se salvaguardaron ni reconocieron las garantías que rigen el proceso de confiscación civil. Como agravante, el efecto de ello es que a los recurridos se les violentó el derecho a no ser privados de su propiedad sin el debido proceso de ley.

La interpretación restrictiva de las confiscaciones civiles exigía que se reconociera que, de conformidad con el Artículo 9 de la ley precitada, no procede la incautación de una propiedad si ésta fue utilizada en la comisión de un delito menos grave y éste no autoriza la confiscación. Al pautar lo contrario, la Mayoría crea un precedente nefasto que ignora y desecha los fundamentos en Derecho que aplicaremos en esta Opinión disidente.

En su lugar, procedía realizar un análisis estatutario riguroso, de modo que se protegieran y reconocieran las garantías constitucionales establecidas por los constituyentes y la Asamblea Legislativa en el ámbito de las confiscaciones civiles. Por ello, disiento.

**I**

**A.**

Reiteradamente, este Tribunal ha definido la confiscación como el acto mediante el cual el Estado ocupa e inviste para sí todo derecho de propiedad sobre cualesquiera bienes que hayan sido utilizados en la comisión

de ciertos delitos. Flores Pérez v. ELA, 195 DPR 137, 146 (2016) (citando a Doble Seis Sport v. Depto. Hacienda, 190 DPR 763, 784 (2014); Díaz Ramos v. E.L.A. y otros, 174 DPR 194, 202 (2008); Del Toro Lugo v. E.L.A., 136 DPR 973, 980-981 (1994)). En el ámbito civil, por mandato de la Asamblea Legislativa y del Poder Ejecutivo, tal actuación está autorizada en virtud de la Ley de Confiscaciones, supra.

La Ley de Confiscaciones constituye una autorización para que el Estado, a través de una acción civil, vaya directamente contra la cosa misma (in rem) y no contra la persona con interés legal sobre ésta. Este tipo de confiscación se basa en la ficción jurídica de que la cosa es la ofensora primaria. Bco. Bilbao Vizcaya et al. v. ELA et al., 194 DPR 116, 156 (Estrella Martínez, J., Voto particular disidente). Es decir, en cierto sentido, se culpa al objeto confiscado propiamente por su participación en el delito. Coop. Seg. Múlt. v. E.L.A., 180 DPR 655, 665-667 (2011).

Mediante la Ley de Confiscaciones, se instituyó un trámite expedito y uniforme que precisa las reglas para la confiscación de bienes por parte del Estado y la disposición de éstos. Flores Pérez v. ELA, supra, pág. 147. No obstante, el derecho que posee el Estado para confiscar una propiedad no es irrestricto. Debido a las implicaciones constitucionales sobre el derecho a la propiedad, el Estado debe dar fiel cumplimiento a las disposiciones de ley que habilitan la confiscación en aras de garantizar el debido

proceso de ley. Ley de Confiscaciones, supra, Exposición de Motivos, 2011 LPR 1761-1762. Por ello, los "mecanismos [que habilitan la confiscación] deben velar por los derechos y los reclamos de las personas afectadas por una confiscación". Art. 2, Ley de Confiscaciones, supra.

Con respecto a los elementos necesarios para determinar si procede una confiscación civil, este Tribunal ha expresado que se requiere: (1) la existencia de prueba suficiente y preponderante de que se ha cometido un delito, y (2) un nexo entre la comisión del delito y la propiedad confiscada. Doble Seis Sport. v. Depto. Hacienda, supra, pág. 784. Suárez v. E.L.A., 162 DPR 43, 52 (2004); Del Toro Lugo v. ELA, supra, pág. 983.

Sin embargo, no toda comisión de delito faculta al Estado para la confiscación de la propiedad. En ese sentido, el Artículo 8 de la Ley de Confiscaciones, supra, exige que la confiscación debe estar autorizada **"bajo las disposiciones de cualquier ley que autorice la confiscación de bienes por parte del Estado"**. (Énfasis suplido). 34 LPRA sec. 1724(e). Ahora bien, dado a que las confiscaciones civiles tienen un marcado propósito punitivo, éstas no son favorecidas por las cortes. Coop. Seg. Múlt. v. E.L.A., supra, pág. 668 (citas omitidas). Por tal razón, los estatutos confiscatorios "se interpretarán de manera restrictiva y de forma compatible con la justicia y los dictados de la razón natural" con el fin de garantizar el

debido proceso de ley de quien ostenta un interés legítimo de la propiedad confiscada. Íd. (citas omitidas).

Teniendo lo anterior en consideración, procedemos a analizar las disposiciones de ley aquí aplicables.

**B.**

Cuando se promulgó la Ley de Confiscaciones en el 2011, el Artículo 9 disponía que estaría sujeta a ser confiscada:

> [**T]oda propiedad que sea utilizada en violación a estatutos confiscatorios contenidos en** el Código Penal del [ELA], en las leyes de sustancias controladas, de armas y explosivos, en las leyes contra el crimen organizado, en las leyes de juegos prohibidos, bebidas alcohólicas, leyes fiscales, leyes contra la apropiación ilegal de vehículos, leyes de vehículos y tránsito y de embarcaciones, así como en otras leyes y aquella propiedad que esté sujeta a una sentencia de confiscación que así lo autorice, será confiscada a favor del [ELA]. Asimismo, podrán confiscarse bienes al amparo de aquellas disposiciones del Código Penal que autoricen tal acción.
> Toda propiedad que esté sujeta a una sentencia de confiscación que así lo autorice, será confiscada a favor del [ELA]. (Énfasis suplido). Íd.

En aquel entonces, el Estado gozaba con un poder de confiscación en el que bastaba con que determinada propiedad hubiera sido utilizada en violación de cualesquiera de los estatutos confiscatorios enumerados en el artículo precitado para que procediera la confiscación. Ello, indistintamente de la clasificación o tipo de delito imputado. Claro está, sujeto a las salvaguardas

constitucionales aplicables y reconocidas en esta Opinión Disidente.

Un año más tarde, mediante la Ley Núm. 252-2012, se enmendó el Artículo 9 de la Ley de Confiscaciones, supra. Según consta expresamente en la Exposición de Motivos de esta ley, las enmiendas fueron promovidas debido a que la "**Asamblea Legislativa ent[endió] necesario aclarar ciertas disposiciones que facilitarán la implantación de la [Ley de Confiscaciones**]". Ley de Confiscaciones, supra, 2012 LPR 2272.

Desde que se implantó la enmienda introducida por la Ley Núm. 252-2012, la Ley de Confiscaciones no sólo precisa con mayor detalle qué propiedad estará sujeta a ser confiscada, sino que también especifica bajo qué clasificación de delitos deberá estar amparada la confiscación. Particularmente, ahora el Artículo 9 de la Ley de Confiscaciones, supra, dispone que estará sujeto a ser confiscada:

> **[T]oda propiedad** que resulte, sea producto o se utilice, **durante la comisión** de delitos graves y **de aquellos delitos menos graves en los que por ley se autorice la confiscación**, cuando tales delitos graves y menos graves se encuentren tipificados en el Código Penal de Puerto Rico, en las leyes de sustancias controladas, de armas y explosivos, en las leyes contra el crimen organizado, en las leyes de juegos prohibidos, bebidas alcohólicas, leyes fiscales, leyes contra la apropiación ilegal de vehículos, leyes de vehículos y tránsito y de embarcaciones; **así como en otras leyes y en aquellos estatutos confiscatorios**

**en los que por ley se autorice la confiscación.** Toda propiedad que esté sujeta a una sentencia de confiscación que así lo autorice, será confiscada a favor del Gobierno de Puerto Rico. (Énfasis suplido). Íd.

Como puede apreciarse, del artículo precitado se desprende lo siguiente: (1) que el Estado puede confiscar a su favor toda propiedad que resulte, sea producto o se utilice, (2) durante la comisión de delitos graves, y (3) **de aquellos delitos menos graves en los que por ley se autorice la confiscación**, (4) siempre y cuando se encuentren en las leyes enumeradas o en cualquier otra ley que autorice la confiscación.

Adviértase que, previo a la enmienda, no existía distinción entre la clasificación del delito imputado. Bastaba con la comisión de un delito contenido en cualesquiera de las leyes enumeradas para que procediera la confiscación. En cambio, ahora la confiscación debe estar predicada en **cualquier delito grave** y, si se trata de la comisión de un **delito menos grave**, **la ley que codifica el delito menos grave debe autorizar expresamente tal confiscación.**

Siendo ello así, veamos, entonces, los hechos que dan lugar a la controversia ante nos.

**II**

En el 2016, tras un allanamiento dirigido a ocupar pirotecnia, se le ocupó al Sr. Osvaldo Figueroa Santiago (señor Figueroa Santiago) y al Sr. Josean Figueroa Bonilla

(señor Figueroa Bonilla) las sumas de $55,449 y $4,072, respectivamente. Por los mismos hechos que propiciaron la confiscación del dinero, el Pueblo presentó cinco (5) denuncias en contra de éstos, cuatro (4) por delitos graves y una (1) por delito menos grave.

Por una parte, en contra del señor Figueroa Santiago se presentaron dos (2) denuncias por violaciones a los Artículos 5.04 y 6.01 de la Ley de armas de 2000, Ley Núm. 404-2000, 25 LPRA sec. 459 (Ley de Armas). Eventualmente, ambas denuncias fueron archivadas.

Por otra, contra el señor Figueroa Bonilla se presentó una denuncia por violar el Art. 6.01 de la Ley de Armas, supra; otra denuncia por infringir la Sección 3 de la Ley de pirotecnia, Ley Núm. 83 de 25 de junio de 1963, 25 LPRA sec. 503, (Ley de Pirotecnia) y una denuncia por el delito menos grave codificado en el Artículo 28 de la Ley de explosivos, Ley Núm. 134 de 28 de junio de 1969, 25 LPRA sec. 588 (Ley de Explosivos). Llegado el día del juicio, pesaba en contra de éste una acusación por el delito grave de la Sección 3 de la Ley de Pirotecnia, supra, y el delito menos grave del Artículo 28 de la Ley de Explosivos, supra. Como parte de los trámites de una alegación preacordada, el Ministerio Público **reclasificó** el delito grave de la Ley de Pirotecnia a uno **menos grave**. Consecuentemente, el señor Figueroa Bonilla hizo **alegación de culpabilidad** por el **delito menos grave** de la **Ley de Pirotecnia**, así como por el **delito menos grave** de la **Ley de Explosivos**.

A raíz de lo anterior, la demanda de impugnación debió ser declarada con lugar. Esto, pues, como veremos, los delitos menos graves de la Ley de Pirotecnia y la Ley de Explosivos por los cuales el señor Figueroa Bonilla registró alegación de culpabilidad no autorizan la confiscación del dinero, según exigido por el Artículo 9 de la Ley de Confiscaciones, supra.

Obviando la letra clara de la ley, la cual, como expliqué, expresamente dispone que en el caso de los delitos menos graves la confiscación debe estar codificada en el estatuto, la Opinión mayoritaria determina que, de conformidad con el Artículo 33 de la Ley de Explosivos, supra, y en conjunto con el Artículo 9 de la Ley de Confiscaciones, supra, procede en Derecho la confiscación del dinero. En ese sentido, expresa que, que "el dinero fue producto de la comisión de un delito. Por ello, el Art. 33 de la Ley de Explosivos, supra, autorizó la confiscación".[1]

Asimismo, la Mayoría determina que ambos delitos se encuentran enmarcados entre las leyes por cuya violación el Artículo 9 de la Ley de Confiscaciones, supra, autoriza la confiscación. Particularmente, la Mayoría concluye que:

> **[L]os delitos por infringir la Sec. 3 de la Ley de Pirotecnia**, supra **y el Art. 28. de la Ley de Explosivos**, 25 LPRA sec. 588 **- por los cuales** el señor Figueroa Bonilla **formuló alegación de culpabilidad** están enmarcados entre los delitos por los que el Art. 9 de la Ley

---

[1]Véase, Opinión mayoritaria, pág. 9

Uniforme de Confiscaciones, supra, autoriza que el Estado pueda confiscar.[2]

De lo anterior, resulta preciso resaltar cómo la Mayoría fundamentó la conclusión de que el Estado gozaba de autorización para confiscar, esto es: por el hecho de que los dos **delitos menos graves** por los cuales se **registró** alegación de culpabilidad están enmarcados entre los delitos del Artículo 9 de la Ley de Confiscaciones, supra.[3]

Sin embargo, un análisis de los artículos precitados nos lleva a concluir que tales premisas son erróneas y carecen del rigor que amerita esta controversia. Veamos.

El Artículo 33 de la Ley de Explosivos, supra, dispone lo siguiente:

> Todo **explosivo** o **sustancia** que pueda utilizarse para fabricar explosivos, y todo **fulminante** o **detonador** que sea manufacturado, usado, poseído, almacenado, transportado, vendido, o en cualquier forma traspasado en Puerto Rico, en violación a las disposiciones de esta ley o su reglamento, **será ocupado y confiscado** por el Superintendente.
> Toda persona perjudicada por la ocupación o confiscación podrá solicitar reconsideración y revisión de la decisión del Superintendente siguiendo el procedimiento establecido en el artículo 23 de esta ley.
> El Superintendente dispondrá de las **sustancias ocupadas o confiscadas**, según se disponga por reglamento, de forma tal que no constituya peligro o amenaza para la seguridad pública.

---

[2] (Énfasis suplido). Íd.

[3] Íd.

Primeramente, nótese cómo el Artículo 33 de la Ley de Explosivos, supra, sólo autoriza la ocupación y posterior confiscación de todo "explosivo o sustancia" y "fulminante o detonador" utilizado en contravención de las disposiciones de la ley. Ambos términos se encuentran definidos en la Ley de Explosivos y, como es previsible, en ninguna de las instancias alude a la confiscación de dinero en efectivo, tal y como concluyó una Mayoría en el caso de autos.[4]

**En consecuencia, resulta improcedente la conclusión de la Mayoría a los efectos de que un análisis de los Artículos 9 y 33 de la Ley de Confiscaciones y la Ley de Explosivos, respectivamente, autorizan la confiscación.** Por tanto, bajo tal escenario, la confiscación de los casi sesenta mil dólares a los codemandados no se sostiene.

Por otro lado, la confiscación tampoco está autorizada por ninguno de los delitos menos graves por los cuales el señor Figueroa Bonilla registró alegación de culpabilidad. Como expresé, el Artículo 9 de la Ley de Confiscaciones, supra, exige que, para que proceda la confiscación en el caso de los delitos menos graves, la ley que codifique el delito así debe autorizarlo. **Como cuestión de Derecho, ni el delito menos grave codificado en la Sección 3 de la Ley de Pirotecnia, supra, así como tampoco el delito menos grave**

---

[4]Véanse, Artículo 2(1)-(2) de la Ley de Explosivos, supra.

**contenido en el Artículo 28 de la Ley de Explosivos**, <u>supra</u>, **autorizan la confiscación del dinero en efectivo.**[5] En consecuencia, tal y como correctamente concluyó el Tribunal de Apelaciones, la confiscación del dinero en efectivo no

---

[5]Al respecto, la Sección 3 de la Ley de Pirotecnia, <u>supra</u>, dispone lo siguiente:

> Toda persona que infringiere las disposiciones de esta Ley, en aquellos casos en donde se intervenga con un individuo a quien se le **ocupe diez (10) unidades o menos de material de pirotecnia estará expuesta a las penalidades correspondientes a un delito menos grave** según dispuesto en la Ley Núm. 149 de 18 de junio de 2004, según enmendada, conocida como Código Penal de Puerto Rico, disponiéndose- que cualquier multa será no menor de quinientos (500) dólares; en aquellos casos donde se ocupen más de diez (10) unidades de material de pirotecnia a un individuo o individuos, estará expuesta a las penalidades correspondientes a un delito grave de cuarto grado según dispuesto por el Código Penal, disponiéndose que cualquier multa será no menor de cinco mil (5,000) dólares. Para efectos de esta Sección, "unidad" será aquel artificio o material pirotécnico que se compone de varios artículos integrados de una misma clase en un solo empaque para venta al detal. (Énfasis suplido).

Por otro lado, el Artículo 28 de la Ley de Explosivos, <u>supra</u>, dispone que:

> Toda persona que tenga en su poder, de manera ilegal, **explosivos** o cualquier **sustancia** que pueda utilizarse para fabricar explosivos, con propósitos distintos a los dispuestos en el artículo precedente de esta ley será culpable de **delito menos grave**. (Énfasis suplido).

puede subsistir por no estar autorizada dentro de los parámetros de la Ley de Confiscaciones.

Ello, pues, según se indicó, el Artículo 8 de la Ley de Confiscaciones, _supra_, expresamente exige que la confiscación debe estar autorizada bajo las disposiciones de cualquier ley que autorice la confiscación de bienes. Extinguido el poder bajo el cual el Estado originalmente fundamentó la confiscación y debido al hecho de que se registró una alegación de culpabilidad por dos delitos menos graves, ninguno de los cuales autorizan la confiscación, procedía que se declarara con lugar la demanda de impugnación presentada por los recurridos.

Conforme se destacó, en el caso de delitos menos graves y desde la aprobación de la Ley 252-2012, el Artículo 9 de la Ley de Confiscaciones, _supra_, exige como elemento esencial que el delito correspondiente autorice por ley la confiscación. **Con esto, la Asamblea Legislativa fue clara en su intención de precisar y aclarar que estaría sujeta a ser confiscada toda propiedad relacionada con la comisión de un delito grave; mas, en el caso de los menos grave, requirió que ésta, a su vez, estuviese autorizada por ley.**

En la controversia de autos, dado a que los casos por delitos graves que originaron la confiscación no prevalecieron y, máxime, ante el hecho de que los delitos menos graves por los que el señor Figueroa Bonilla registró alegación de culpabilidad no autorizan la confiscación, procedía que este Tribunal declarara con lugar la

impugnación y, consiguientemente, ordenara la devolución del dinero en efectivo.

Bajo ese esquema, resulta innecesario una dilucidación en los méritos concerniente a si la propiedad confiscada fue utilizada en alguna actividad prohibida por ley y la conexión entre la comisión del delito y la propiedad confiscada. La Ley de Confiscaciones no admite otra interpretación. Por tanto, la confiscación aquí en disputa debió ser decretada con carácter de nulidad mediante sentencia.

La acción de retener un bien lícito confiscado sin autorización en ley, más allá de constituir una violación al debido proceso de ley, provocará que, por fiat judicial, se autorice la incautación de propiedades bajo circunstancias, condiciones y procedimientos no contemplados en la Ley de Confiscaciones.[6]

---

[6]Sobre el particular, destaco que:

> [E]ste Tribunal reiteradamente ha reconocido el carácter independiente entre una acción in rem y la acción in personam, **hemos sido consecuentes en enfatizar que el resultado de la acción penal que dio lugar a la confiscación es determinante y está necesariamente atado al proceso de confiscación civil.** (Énfasis suplido). Bco. Bilbao Vizcaya et al. v. ELA, 195 DPR 39 (2016) (Pabón Charneco, J., Opinión de conformidad); Bco. Bilbao Vizcaya et al. v. ELA et al., supra, pág. 171 (Estrella Martínez, J., Voto particular disidente).

Surge diáfanamente que a ninguno de los recurridos se le probó la **comisión** de un delito grave o un delito menos grave que autorice por ley la confiscación, según exigido por el Artículo 9 de la Ley de Confiscaciones, supra. No obstante, este Tribunal, sin el rigor que exige la controversia, valida la confiscación de aproximadamente sesenta mil dólares sin justificación legal alguna.[7]

Con ello, incumplió con el deber de pautar que una convicción por un delito menos grave que no autoriza la confiscación anula el proceso civil de confiscación automáticamente. Como resultado, se ha socavado el axioma que dispone que las confiscaciones "se interpretarán de manera restrictiva y de forma compatible con la justicia y los dictados de la razón natural". Coop. Seg. Múlt. v. E.L.A., supra, pág. 668 (citas omitidas).

Adviértase que no se trata de aceptar una defensa que desalentaría los efectos prácticos de las alegaciones de culpabilidad, que provocaría una acumulación innecesaria de casos en los tribunales y un costo al erario, según estima la Opinión mayoritaria.[8] Se trata de mucho más, esto es: salvaguardar el derecho estatutario y constitucional de los recurridos y no permitir, como pretende la Mayoría, la confiscación automática del dinero en efectivo a pesar de

---

[7]Resalta a mi atención que la pena impuesta por el delito menos grave no excedió los doscientos cincuenta dólares ($250.00).

[8]Véase, Opinión mayoritaria, págs. 14-15.

que existe una sentencia por dos delitos menos graves, ninguno de los cuales autorizan la confiscación del dinero. Máxime, cuando, como he expresado antes: "**[n]o podemos dejar de reconocer garantías individuales por los costos económicos o preferencias particulares**". Pueblo v. Alers de Jesús, 2021 TSPR 56, pág. 24.

En fin, dado a que la acción penal culminó con la alegación de culpabilidad por dos delitos menos graves que no autorizan la confiscación, según exigido por el Artículo 9 de la Ley de Confiscaciones, supra, este Tribunal debió declarar nula la confiscación de la propiedad y, consecuentemente, devolverle el dinero en efectivo a los recurridos. Al una Mayoría determinar lo contrario, disiento.

### III

**Mediante la hiperficción utilizada por la Mayoría de este Tribunal, nos quieren hacer creer que las protecciones constitucionales y estatutarias son imaginarias y que los delitos graves por los cuales no hubo convicción son reales, cuando la realidad es a la inversa.** Por todo lo anterior, procedía confirmar al Tribunal de Apelaciones y ordenar la devolución del caso al Tribunal de Primera Instancia para que dictara la sentencia correspondiente.

Luis F. Estrella Martínez
Juez Asociado